| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | | |
|---|---|---|---|
| **1.** | **Debtor's name** | **Alliance One Specialty Products, LLC** | |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **N/A** | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **27-1800115** | |
| **4.** | **Debtor's address** | **Principal place of business** **8001 Aerial Center Parkway** **Morrisville, North Carolina 27560-8417** Number, Street, City, State & ZIP Code  **Wake County** County | **Mailing address, if different from principal place of business** _____ P.O. Box, Number, Street, City, State & ZIP Code **Location of principal assets, if different from principal place of business** _____ Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | **https://www.pyxusintl.com** | |
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☐ Other. Specify: _____ | |

Debtor  **Alliance One Specialty Products, LLC**     Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**3122**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☒ A plan is being filed with this petition.
  - ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

- ☒ No
- ☐ Yes

If more than 2 cases, attach a separate list.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☒ Yes

List all cases. If more than 1, attach a separate list

Debtor  **See Rider 1**     Relationship _____

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 2
26329041.2

Debtor  **Alliance One Specialty Products, LLC**          Case number (*if known*) _____
         Name

                District _____   When _____   Case number, if known _____

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes   Insurance agency _____
        Contact name _____
        Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☒ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets (on a consolidated basis)**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☒ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☒ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  **Alliance One Specialty Products, LLC**  Case number (*if known*) _____
Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____
MM / DD / YYYY

X _____  **Joel Thomas**
Signature of authorized representative of debtor  Printed name

Title  **Executive Vice President and Chief Financial Officer**

**18. Signature of attorney**  X _____  Date _____
Signature of attorney for debtor  MM / DD / YYYY

**Pauline K. Morgan**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 North King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 571-6600**  Email address  **pmorgan@ycst.com**

**DE 3650**
Bar number and State

# RIDER 1

## PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "*Court*"). A motion will be filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

Pyxus International, Inc.
Alliance One International, LLC
Alliance One North America, LLC
Alliance One Specialty Products, LLC
GSP Properties, LLC

## ALLIANCE ONE SPECIALTY PRODUCTS, LLC
## ACTION TAKEN BY UNANIMOUS WRITTEN CONSENT OF THE MANAGERS
### June 14, 2020

### RECITALS

WHEREAS, the undersigned managers (the "Managers"), constituting all of the managers of the Alliance One Specialty Products, LLC (the "Company"), have consulted with the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company;

WHEREAS, after consulting with the legal advisors of the Company, in light of entering into that certain restructuring support agreement, dated as of the date hereof, and considering all alternatives, the Managers have determined that it is in the best interest of the Company to seek relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), as taking such action presents the best opportunity to maximize the Company's enterprise value;

WHEREAS, the Managers, after such consultation, believe it desirable and in the best interests of the Company and its creditors, equityholders, and other parties in interest, that a petition be filed by the Company and by each of the Company's affiliates listed on Annex I attached hereto (each, along with the Company, a "Debtor Entity"), seeking relief under the provisions of the Bankruptcy Code and to undertake other actions related thereto;

WHEREAS, it is proposed that the Debtor Entities enter into a new debtor in possession facility (the "DIP Facility") along with certain associated documents and consummate the transactions contemplated therein and thereby (collectively, the "DIP Facility Transactions") with such lenders; and

WHEREAS, in furtherance of the foregoing, the Managers hereby take the following actions without a meeting by unanimous written consent on behalf of the Company as if such resolutions had been adopted at a duly convened meeting of the Managers.

### Commencement of Chapter 11 Cases

NOW THEREFORE, BE IT RESOLVED, that the Managers have determined, after consultation with certain of the management of Pyxus International, Inc. and the legal advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, equityholders, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

FURTHER RESOLVED, that any Authorized Person (as defined below) be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company all petitions, schedules, motions, lists, applications, pleadings, and other papers in the Bankruptcy Court, and, in connection therewith, to engage and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Person deems necessary, proper,

or desirable in connection with the Debtor Entities' Chapter 11 cases (the "Chapter 11 Cases"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in these resolutions, with a view to the successful prosecution of the Chapter 11 Cases.

**Debtor-in-Possession Financing**

FURTHER RESOLVED, that the Company as a debtor and a debtor in possession under Chapter 11 of the Bankruptcy Code, shall be, and hereby is, authorized to: (a) enter into, and perform under, the DIP Facility and the DIP Facility Transactions with such lenders, including without limitation, borrowings thereunder on such terms substantially consistent with those presented to the Managers on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; (b) provide indemnities, pay related fees and grant security interests (including superpriority priming first lien security interests) in and liens and mortgages on some, all or substantially all of the Company's assets, in such case, as may be deemed necessary or desirable by any Authorized Person in connection with the DIP Facility Transactions; and (c) guarantee any and all obligations with respect thereto; and

FURTHER RESOLVED, that: (a) any Authorized Person be, and each hereby is, authorized and directed in the name of, and on behalf of the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, swap agreements, notices and any and all other documents as any Authorized Person may deem necessary or appropriate to consummate or facilitate the DIP Facility Transactions, including any credit agreement, engagement letter or term sheet (collectively, the "DIP Facility Documents"); (b) DIP Facility Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Person are hereby approved; and (c) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of the Managers' approval thereof and the necessity or desirability thereof.

**Plan, Disclosure Statement and Restructuring Documents**

FURTHER RESOLVED, that the Company, as a debtor and a debtor in possession under Chapter 11 of the Bankruptcy Code, shall be, and hereby is, authorized to: (a) execute and deliver a Chapter 11 plan having terms substantially consistent with those presented to the Managers on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company and its subsidiaries (the "Plan"), associated disclosure statement (the "Disclosure Statement"), and any associated documents and solicitation material, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Debtor Entities and their subsidiaries (the "Restructuring Transactions"); and (b) pay related fees and expenses as may be deemed necessary or desirable by

any Authorized Person in connection with the Plan or Disclosure Statement and the Restructuring Transactions; and

FURTHER RESOLVED, that: (a) any Authorized Person be, and each hereby is, authorized and directed in the name of, and on behalf of the Company, as a debtor and a debtor in possession, to take such actions and execute, acknowledge, deliver and verify the Plan and Disclosure Statement, and such agreements, certificates, notices and any and all other documents as any Authorized Person may deem necessary or appropriate in connection with the Plan, the Disclosure Statement and any other related documents, including any engagement letters, commitment letters, fee letter or other documents in connections with the incurrence of indebtedness contemplated thereby (the "<u>Restructuring Documents</u>") and the Restructuring Transactions; (b) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Person are hereby approved; (c) any Authorized Person shall be, and hereby is, authorized and directed in the name of, and on behalf of the Company, as a debtor and a debtor in possession, to authorize counsel to draft, file and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (d) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all Restructuring Documents and all related agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Person's approval thereof and the necessity or desirability thereof.

**Retention of Professionals**

FURTHER RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to engage the law firm Simpson Thacher & Bartlett LLP as general bankruptcy counsel to represent and assist the Debtor Entities in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Debtor Entities' rights and obligations in the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any such prior actions are hereby ratified in their entirety;

FURTHER RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to engage the law firm of Young Conaway Stargatt & Taylor, LLP as Delaware bankruptcy counsel to represent and assist the Debtor Entities in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Debtor Entities' rights and obligations in the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any such prior actions are hereby ratified in their entirety;

FURTHER RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to engage Prime Clerk LLC, as claims and noticing agent and administrative advisors in connection with the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

FURTHER RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to engage Lazard Frères & Co. LLC , as advisor in connection with the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

FURTHER RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to engage RPA Asset Management Services, LLC, as consultant in connection with the Chapter 11 Cases, the Restructuring Transactions and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

FURTHER RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to engage any other professionals to assist the Debtor Entities in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases, the Restructuring Transactions and all related matters and to take any and all actions to advance the Debtor Entities' rights and obligations; and

FURTHER RESOLVED, that any Authorized Person be, and each hereby is, authorized and directed in the name and on behalf of the Company to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals as necessary.

**Omnibus Resolutions**

FURTHER RESOLVED, that Joel L. Thomas, William L. O'Quinn, Jr. and Lynne Finney, in addition to any manager or officer of the Company, as the case may be, each acting as an authorized person of the Company, and in the name and on behalf of the Company (each, an "Authorized Person"), is hereby authorized to take all actions such Authorized Person deems necessary or appropriate to cause the Company's subsidiaries, including the applicable Debtor Entities, to take all actions such Authorized Person deems necessary or appropriate to commence and complete the Restructuring Transactions, the Restructuring Documents, Chapter 11 Cases, the DIP Facility Transactions (including the provision of guarantees and the grant of security interests under the DIP Facility) and all related matters and to execute, deliver and file all such further documents, certificates, notices or instruments as may be required or as such Authorized Person may deem necessary or appropriate in furtherance of or in connection with each of the foregoing resolutions and to effectuate fully the purposes and intent thereof;

FURTHER RESOLVED, that any Authorized Person be, and each hereby is, authorized to take all actions such Authorized Person deems necessary or appropriate to complete the Restructuring Transactions, the Restructuring Documents, Chapter 11 Cases, the DIP Facility Transactions and all related matters and to execute, deliver and file all such further documents, certificates, notices or instruments as may be required or as such Authorized Person may deem necessary or appropriate in furtherance of or in connection with each of the foregoing resolutions and to effectuate fully the purposes and intent thereof;

FURTHER RESOLVED, that any and all actions previously taken by any Authorized Person in furtherance of the transactions and matters authorized or contemplated by the foregoing

resolutions be, and they hereby are, ratified, approved and confirmed in all respects and that said actions shall have the same force and effect as if they were taken with the prior approval of the Managers;

FURTHER RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to take such other actions and to execute, deliver and file all such further documents, certificates, notices or instruments as may be required or as such Authorized Persons may deem necessary or appropriate in furtherance of or in connection with each of the foregoing resolutions and to effectuate fully the purposes and intent thereof, and further, that it be, and it is hereby, confirmed that all such actions taken by such Authorized Persons are taken by such Authorized Persons as representatives of the Company and not in their personal capacity; and

FURTHER RESOLVED, that this consent may be executed in one or more counterparts.

[Signature page follows]

IN WITNESS WHEREOF, each of the undersigned has executed this written consent effective as of the date first above written.

**ALLIANCE ONE SPECIALTY PRODUCTS, LLC**

_____
Yralda Cruz
Manager


_____
Meredith Wright
Manager

*[Signature Page of Chapter 11 Resolutions]*

# ANNEX I

## DEBTOR ENTITIES

Pyxus International, Inc.

Alliance One International, LLC

Alliance One North America, LLC

GSP Properties, LLC

Fill in this information to identify the case:
Debtor name: **Pyxus International, Inc.,** *et al.*
United States Bankruptcy Court for the: **District of Delaware**
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| Willis Towers Watson Northeast, Inc. 200 Liberty Street New York, NY 10281 | Bob Kalbfell (914) 274-7499 robert.kalbfell@WillisTowersWatson.com | Insurance Services | | | | $5,812,172 |
| Philip Morris USA Inc. 6601 W Broad Street Richmond, VA 23230 | Linwood Sykes Linwood.L.Sykes@altria.com Phone (804) 274-2391 | Trade Debt | Contingent | | | $5,790,282 |
| China Tobacco International (HK) 19F Greenfield Tower Concordia, Hong Kong China | Jiang Nan 852 26209500 jiangn@ctihk.com.hk | Trade Debt | | | | $1,831,397 |
| KT&G Corporation 71 Beotkkot-Gil, Daedeok-Gu Daejeon,  306-712 South Korea | Mr. Kweon 82 42 939 5277 youngktg@ktng.com | Trade Debt | | | | $1,477,628 |
| China Tobacco Guizhou 350 South Fuyuan Road Guiyang, China | Wei Yi 86 851-85918208 wyconni@126.com | Trade Debt | | | | $1,111,500 |
| Premium Tobacco International DMCC Plot No W1 Jumeirah Lake Towers Dubai, UAE | Alby Edwards 971 44 55 7300 alby.edwards@UTS.co.ug | Trade Debt | | | | $643,253 |
| Chebrolu Narendranath 4th Line Rajendra Nagar, Guntur, 522006 India | Chebrolu Narendranath 919618691999 narendra@deltaintech.com | Trade Debt | | | | $479,118 |

Debtor  **Pyxus International, Inc., *et al.***        Case number *(if known)*
      Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| LA Clinical Trials LLC  847 North Hollywood Way, Suite 103  Burbank, CA   91505 | Mitchell Nides  (818) 526-7645  mnides@laclinicaltrials.com | Trade Debt | | | | $454,285 |
| Shenzhen Tobacco Imp/Exp Co Ltd  9-10F., SCT Center  Shenzhen, 51801  China | Shao Yi  86 755 25188672  110726887@qq.com | Trade Debt | | | | $448,344 |
| Synchrogenix Information  2 Righter Parkway Suite 205  Wilmington, DE 19803 | Mark Hovde  Mark.hovde@certara.com | Trade Debt | | | | $330,576 |
| Delta Technology Services  4th Line Rajendra Nagar, Guntur, 522006  India. | Chebrolu Narendranath  919618691999  narendra@deltaintech.com | Trade Debt | | | | $247,198 |
| Cardno Chemrisk LLC  235 Pine Street, Suite 2300  San Francisco, CA 94104 | Kate Butkins  (415) 896-2400  Kate.butkins@cardno.com | Trade Debt | | | | $233,882 |
| JT International SA  Rue Kazem Radjavi 8  1202 Geneva  Switzerland | John Fotheringham  41 22 703 0777  john.fotheringham@jti.com | Trade Debt | | | | $220,176 |
| Montrose Environmental Group Inc.  1 Park Plaza Suite 1000,  Irvine, CA   92614 | Rudy Mitchell  (804) 887-2112  rudy.mitchell@enthalpy.com  804-887-2112 | Trade Debt | | | | $180,965 |
| Hanchen Tobacco (Hong Kong) Ltd  Unit 12-13, 20/F., North Tower  Kowloon  China | Jason Kwok  852 2621 4628  jason@hanchentobacco.com | Trade Debt | | | | $167,040 |
| JV Adams Thai Royalities  5/26 - 29 Saldaeng  Bangkok, 10500  Thailand | Wing Chung  662239818  wfc@adamsint.com | Trade Debt | | | | $149,159 |

Debtor   **Pyxus International, Inc., *et al*.**                                                          Case number *(if known)*
              Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Kaman Industrial Technologies<br>4206 Williamson Road,<br>Wilson, NC   27893 | Kermit White<br>(252) 292-4118<br>Kermit.White@kaman.com | Trade Debt | | | | $144,762 |
| Brenntag Mid-South Inc.<br>1405 Highway 136 West<br>Henderson, KY 42420 | Liz Greene<br>(919) 281-2901<br>lgreene@brenntag.com | Trade Debts | | | | $124,655 |
| Trust Tobacco Industry Import<br>North No 13 Road, Ban Xanghai Villa Luang Prabang. 6000 Laos | Zhao Fuyan<br>00856 71 412008<br>marketing_dpt@trustobacco.com | Trade Debt | | | | $95,575 |
| SEFCO Finance Inc. SAL (Offshore)<br>Saba ZREQ Street El-Mahmoud Building, 2nd Floor<br>Tripoli,<br>Lebanon | Hasan Aldabagh<br>9616 611 733 | Trade Debt | | | | $91,752 |
| Electric Supply & Equipment Company<br>1000 Classic Road<br>Apex, NC 27539 | 336-574-4824<br>ar@ese-co.com<br>pcauthen@ese-co.com | Trade Debt | | | | $83,496 |
| Wilson Energy<br>1800 Herring Ave. E<br>Wilson, NC   27893 | Customer Service<br>252-399-2200<br>customerservice@wilsonnc.org | Trade Debt | | | | $71,068 |
| China Tobacco Yunnan<br>35 Yuantong Street<br>Kunming, China | He Jie<br>86 871 65116506<br>hej@ctyiec.cn | Trade Debt | | | | $68,823 |
| Qliktech Inc.<br>25686 Network Place, Chicago, IL   60673-1256 | Trey Meadows<br>(770) 243-9429<br>trey.meadows@qlik.com | Professional Services | | | | $63,805 |
| Blueally Technology Solutions, LLC<br>Suite 300 1255 Crescent Green,<br>Cary, NC   27818 | Amber Walsh<br>(919) 602-9643<br>awalsh@blueally.com | Professional Services | | | | $63,565 |
| China Tobacco Hunan Import and Export<br>17 18F Pride Tower 1 Huaishu Jie S Changsha, 410 007 China | Mr. Dai Chao,<br>daic0495@163.com<br>86-731-85799382 | Trade Debt | | | | $63,000 |

Official form 204                    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims                    page 3
26329134.1

Debtor **Pyxus International, Inc., *et al*.**  
Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| Polychem Corporation 6277 Helsley Road Mentor, OH 44060 | Ali Adinaro (440) 357-1500 | Trade Debt | | | | $59,276 |
| Hauni Richmond, Inc. 2800 Charles City Road, Richmond, VA 23231 | Fernando Nero 804-236-5224 fernando.nero@hauni.com | Trade Debt | | | | $46,735 |
| Tobacco Technology, Inc. 600 Liberty Road Eldersburg, MD 21784 | Ayse Adams 410-549-8800 - Office aadams@tobaccotech.com | Trade Debt | | | | $44,523 |
| Carolina Coastal Supply, LLC 112 Franklin Park Drive Youngsville, NC 27596 | Brad Welch 984-235-4905 | Trade Debt | | | | $44,167 |
| | | | | | | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § | |
| | § | Case No. 20-_____(__) |
| Debtors. | § | |
| | § | (Joint Administration Requested) |
| | § | |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "***Debtor***," and collectively, the "***Debtors***") hereby state as follows:

1.  The following is a list of all corporations, other than governmental units, that directly or indirectly own 10% or more of any class of interests in Pyxus International, Inc:

| Shareholder | Address of Shareholder | Approximate Percentage of Shares Held |
|---|---|---|
| Cede & Co. | PO Box 20<br>Bowling Green Station<br>New York, New York<br>10004-1408 | 98.97% |

2.  The Debtors listed below are 100% owned by Pyxus International, Inc:

- Alliance One Specialty Products, LLC; and

- Alliance One International, LLC

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

26329157.4

3. The Debtor listed below is 100% owned by Alliance One International, LLC:

- Alliance One North America, LLC

4. The Debtor listed below is 100% owned by Global Specialty Products, LLC:

- GSP Properties, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § | |
| | § | Case No. 20-_____(__) |
| Debtors. | § | |
| | § | (Joint Administration Requested) |
| | § | |
| | § | |

### LIST OF EQUITY SECURITY HOLDERS FOR ALLIANCE ONE SPECIALTY PRODUCTS, LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(3)

| Name and Address of Interest Holder | Kind of Interest | Percentage of Interest Held |
|---|---|---|
| Pyxus International, Inc.<br>8001 Aerial Center Parkway<br>Morrisville, NC 27560-8417 | Common | 100% |

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

26337950.1

**Fill in this information to identify the case:**

Debtor name: **Pyxus International, Inc., *et al*.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Consolidated Corporate Ownership Statement and List of Equity Interest Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **06/15/2020**          X  */s/ Joel Thomas*
                                        Signature of individual signing on behalf of debtor

                                        **Joel Thomas**
                                        Printed name

                                        **Executive Vice President and Chief Financial Officer**
                                        Position or relationship to debtor